# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **L.O. and D.O.**

**No. 15-0912** (Kanawha County 15-JA-66, 15-JA-67)

## MEMORANDUM DECISION

Petitioner Mother S.O., by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's August 28, 2015, order terminating her parental rights to eleven-year-old L.O. and seven-year-old D.O.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer R. Victor, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights (1) within four months of the petition's filing, and (2) because termination was not the least-restrictive dispositional alternative.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2015, the DHHR filed an abuse and neglect petition in which it alleged that petitioner abused L.O. and D.O. through her continued intoxication and substance abuse and that domestic violence occurred in the home between petitioner and one of the children's fathers. In the petition, the DHHR also noted that petitioner had a prior Child Protective Services ("CPS") case in 2012 after she was involved in a vehicular accident while driving under the influence

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, L.O. and D.O. have a half-sibling, A.S., who is not petitioner's biological child, and, as such, is not at issue in this appeal.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

with the children in the vehicle. At that time, petitioner successfully completed DHHR's parental services, and the case was closed.

In April of 2015, the circuit court held a preliminary hearing. At the conclusion of that hearing, the circuit court ordered that the temporary legal custody of the children remain with the DHHR pending further proceedings. Immediately following the hearing, petitioner was ordered to submit to a drug screen. The circuit court further ordered the DHHR to provide petitioner with rehabilitative services, including random drug screens.

In May of 2015, the circuit court held an adjudicatory hearing. At the outset of that hearing, it was revealed that petitioner tested positive on the April drug screen for oxymorphone, methamphetamine, amphetamine, and oxycodone. Petitioner then stipulated to domestic violence in the home that caused the children emotional harm. The circuit court accepted that stipulation and found petitioner to be an abusing parent. The circuit court also ordered services to continue, including random drug screens. The circuit court also expressly prohibited her from using Suboxone as a form of drug treatment. Petitioner was then ordered to submit to another drug screen immediately following the hearing. When petitioner refused, the circuit court had her detained until such time as she provided a drug screen sample. It appears that she complied with the circuit court's order soon thereafter.

In July of 2015, the circuit court held a dispositional hearing. At the outset of that hearing, it was revealed that petitioner tested positive on the May drug screen for marijuana, methamphetamine, amphetamine, alpha-hydroxyalprazolm, and buprenorphine (Suboxone). Additionally, the evidence established that petitioner had failed to submit to random drug screening since April of 2015. Petitioner then testified as to her efforts to seek and complete substance abuse treatment. Petitioner explained that she had entered an inpatient treatment program in June of 2015 and was scheduled to successfully complete that program in late July of 2015. Following this testimony, the circuit court continued the dispositional hearing to permit petitioner "enough opportunity to prove she can do it if she can."

Ten days after the first dispositional hearing, the DHHR filed a motion to schedule a final dispositional hearing. In that motion, the DHHR alleged that petitioner returned to the inpatient treatment program following the first dispositional hearing, packed her belongings, and abruptly left that facility. The DHHR claimed that petitioner did not return at any time thereafter to complete the program.

In August of 2015, the circuit court held a final dispositional hearing. The circuit court found that petitioner habitually abused controlled substances and failed to follow through with reasonable rehabilitative efforts. By order entered on August 27, 2015, the circuit court terminated petitioner's parental rights to the children on the grounds that there was no reasonable likelihood that the conditions of abuse could be substantially corrected and the children's welfare required termination. This appeal followed.

The Court has previously established the following standard of review:

2

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); s*ee also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). It should be noted that petitioner frames her discussion of the issues in this matter as one, undivided argument. However, as these grounds are distinct, we address them separately in this memorandum decision.

On appeal, petitioner first argues that the circuit court erred in terminating her parental rights to the children in a proceeding that remained pending for only four months.[3] Petitioner asserts that the timeframe of this proceeding was insufficient for her to correct the conditions at issue, particularly her substance abuse problem, which often take significant time to overcome. Notably, however, petitioner does not argue that the circuit court violated any of the statutory time periods set forth in Chapter 49 of the West Virginia Code for child abuse and neglect proceedings. It is clear from our review of the record on appeal that the circuit court followed that statutory timeframe, which is rigid by design in an effort to establish permanency for children with all due haste. While those time periods may be extended in certain circumstances, and routinely are extended to grant parents improvement periods, the circuit court generally has the discretion to determine when, or if, to extend those time periods. Based on our review of this issue, we find no support for petitioner's argument that the circuit court erred in maintaining the time periods set forth by statute for these types of proceedings.

Petitioner's second assignment of error is that the circuit court erred in terminating her parental rights because termination was not the least-restrictive dispositional alternative. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are required to terminate

---

[3]Although petitioner argues that the proceedings below were resolved in four months, it appears that the proceedings were pending for more than five months from the petition's filing on March 20, 2015, until the circuit court's final order entered on August 28, 2015.

parental rights when there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected in the near future and when necessary for the welfare of the children. West Virginia Code §§ 49-4-604(c)(1) and (3) provide that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when

> (1) The abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning;

> . . .

> (3) The abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]

Further, we have explained that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

Here, it is clear that petitioner failed to comply with the circuit court's orders and continued to habitually abuse controlled substances as evidenced by her multiple failed drug screens. In this, her second proceeding related to the abuse and neglect of children, petitioner failed to follow through with the services provided to her and actively avoided inpatient substance abuse treatment by willfully abandoning her treatment program prior to its completion. Based on these circumstances, the evidence clearly established that there was no reasonable likelihood that petitioner could substantially correct the conditions at issue in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604, circuit courts are directed to terminate parental rights upon such findings. Therefore, given the circumstances of this case, no less-restrictive dispositional alternatives were necessary, and the circuit court committed no error in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the circuit court's August 28, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis

Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II